FILED

November 5, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:09 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE BY INTERCHANGE

| | |
|---|---|
| Randall Harper, **Employee**, | ) Docket No.: 2015-06-1067 |
| v. | ) State File No.: 47262-2015 |
| USF Holland Trucking Co., **Employer**, And | ) Judge Robert Durham |
| Sedgwick CMS, **Insurance Carrier/TPA.** | ) |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (RECORD REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by Randall Harper, the Employee, on October 15, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if USF Holland Trucking, Co., the Employer, is obligated to provide medical and temporary disability benefits. Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Mr. Harper requested the Court issue a ruling based on a review of the file without an evidentiary hearing. USF Holland voiced no objection.[1] Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

The dispositive issue is whether Mr. Harper's cellulitis in his left leg causally relates to his employment with USF Holland.[2] The Court finds the evidence submitted

---

[1] USF Holland filed a "Motion to Amend DCN" requesting the Court amend the Dispute Certification Notice (DCN) to clearly identify compensability as an issue. The Court finds USF Holland informed the Mediating Specialist that compensability was an issue within the mandates of the Tennessee Compilation Rules and Procedures. Thus, to the extent necessary, the Court amends the DCN to reflect compensability as an issue.

[2] The parties raised additional issues in the DCN; however, given that the Court is denying workers' compensation benefits based on this threshold issue, it will not consider the remaining issues at this time.

by Mr. Harper is insufficient to establish a causal connection, thus requiring the Court to deny his request for workers' compensation benefits.[3]

## History of Claim

Mr. Harper is a fifty-two-year-old resident of Wilson County, Tennessee, who worked as an over-the-road truck driver for USF Holland. (T.R. 2.) According to his affidavit, on June 16, 2015, he was staying overnight in a motel in Michigan in the middle of a route for USF Holland, when he awoke suffering from nausea and feeling light-headed. (Ex. 2 at 1.) He called in sick, and the next day, his dispatcher instructed him to seek medical care at a local clinic called Med 1. *Id.*

In his affidavit, Mr. Harper stated he showed the doctor at Med 1 a mark on his left leg and asked if it could be the cause of his symptoms. Mr. Harper stated the doctor told him he "had been bitten by something," prescribed antibiotics, and released him to return home to see his primary care physician (PCP).[4] *Id.* Mr. Harper asserted USF Holland did not let him return home immediately, but instead sent him to Toledo, Ohio. While there, his condition worsened, and USF Holland recommended he seek emergency treatment. *Id.*

Mr. Harper went to Wood County Hospital in Bowling Green, Ohio on June 18. According to the records, his "Chief Complaint" was "There is something wrong with my leg. Not sure if I got bit by something or what." (Ex. 4 at 1.) The history section states:

> Patient reported that on Tuesday evening he began feeling nauseated and fatigued. He is a truck driver and he reports he never removes his socks when he is on the road. When he did remove his socks on Wednesday, he noted redness and swelling to his left lower extremity. He denies trauma/injury.

*Id.* On examination, Mr. Harper suffered from marked redness and edema in the left lower extremity "with erythema streaking all the way to the groin." The area was marked with blisters, but no bleeding under the skin. *Id.* at 14. Allison Dollman, M.D. diagnosed Mr. Harper with cellulitis, admitted him into the hospital, and treated him with IV antibiotics. *Id.*

While in the hospital, Mr. Harper underwent a variety of diagnostic tests, which were negative. *Id.* at 5, 7, and 14. Dr. Dollman placed Mr. Harper in an "unna boot" and discharged him on June 20. *Id.* She also excused him from work beginning June 18 until

---

[3] Additional information regarding the technical record and exhibits is attached to this Order as an Appendix.

[4] Other than a prescription note for Keflex, Mr. Harper did not provide Med 1's medical records. The prescription note was copied, and in the space surrounding the note, someone had written "Tick bite, spider bite?? Brown recluse, black widow?? Bite????" However, the page does not identify the author. (Ex. 3.)

he could follow-up with his PCP. *Id.* at 25.

Mr. Harper returned to Tennessee and filed an "Employee Notice of Injury" form with USF Holland. (Ex. 10.) The form asked Mr. Harper to describe the physical conditions that contributed to the injury, and he responded, "Unknown." He also responded "Unknown" to a question asking him to describe other conditions or hazards that contributed to the injury. *Id.*

On June 22, 2015, Mr. Harper saw Dr. Cathy Hammond-Moulton with Concentra for a physical evaluation to determine Mr. Harper's ability to drive. (Ex. 5.) Dr. Hammond-Moulton restricted Mr. Harper from driving "a company vehicle due to functional limitations" until he saw his PCP. However, she stated Mr. Harper had reached maximum medical improvement (MMI) as of June 22. *Id.* at 4.

On June 26, Mr. Harper followed up with his PCP, Lisa Kellogg, D.O. (Ex. 6.) Mr. Harper reported he "noticed an area on his leg . . . and felt nauseated and feverish." *Id.* at 1. Dr. Kellogg noted resolving cellulitis and continued Mr. Harper's antibiotics. She referred him to Sumner Wound Care and kept him off work. *Id.* at 3.

On June 30, Mr. Harper saw Dr. John Pinkston with Sumner Wound Care. (Ex. 7.) Dr. Pinkston noted, "About two weeks ago, [Mr. Harper] got what was a small bite he thought on his left lower extremity. It became infected." *Id.* at 1. Dr. Pinkston noted cellulitis of the left calf with multiple small open areas. In his assessment, Dr. Pinkston stated Mr. Harper had a history of "what sounds like some chronic venous stasis, received a bite and got severe cellulitis." *Id.* at 2. In his affidavit, Mr. Harper stated Dr. Pinkston told him something had to "pierce the skin to cause an infection of this sort." (Ex. 2 at 2.) Dr. Pinkston kept Mr. Harper off work while he recovered. (Ex. 7 at 2.)

On July 10, Mr. Harper returned to Dr. Pinkston, who noted Mr. Harper had a history of severe cellulitis that was "perhaps following an insect bite." *Id.* at 3. He continued to keep Mr. Harper off work. *Id.* In a July 17 follow-up note, Dr. Pinkston did not refer to causation. *Id.* at 4. He noted the wound had healed, but wanted Mr. Harper to return in two weeks before sending him back to work. *Id.* On July 31, Dr. Pinkston stated Mr. Harper "developed what started as a small bite on his left lower extremity" and progressed into cellulitis. *Id.* at 5. He opined Mr. Harper was at MMI, although he would suffer from chronic venous stasis. *Id.* He returned Mr. Harper back to work with no restrictions. *Id.* at 6.

Mr. Harper filed a Petition for Benefit Determination on September 1, 2015, after USF Holland denied his claim based on compensability. (T.R. 2.) The parties were unable to reach a mediated agreement, and the Mediator filed a DCN on October 12, 2015. (T.R. 3.) Mr. Harper filed an REH seeking a decision on record review. (T.R. 4.)

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[5] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Mr. Harper alleges an insect or spider must have bitten him while he was on the road driving for USF Holland, and this bite caused the cellulitis in his left lower extremity. In order to prevail, Mr. Harper must establish that an insect did in fact bite him, and the bite "arose primarily out of and in the course and scope of his employment." Tenn. Code Ann. § 50-6-102(12) (2014).

At this stage, Mr. Harper has offered little evidence establishing causation. He cannot recount when he was bitten, what might have bitten him, or indeed, whether he was bitten at all. At best, Mr. Harper's evidence only leads to the conclusion that he developed symptoms while on his route for USF Holland, and, based on the uncorroborated statement in his affidavit, discovered a "mark" on his leg when he pulled off his sock to take a shower.[6]

Furthermore, the documentary evidence is inconsistent with Mr. Harper's affidavit regarding a "mark" on his leg. As stated earlier, Mr. Harper did not provide a copy of his initial medical record from Med 1. The only reference to a possible bite or puncture mark in the records from Wood County Hospital was in the admission form, where Mr. Harper's "Chief Complaint" was "There is something wrong with my leg. Not sure if I

---

[5] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

[6] Mr. Harper stated in his affidavit that he showed the mark to the Med 1 doctor, who said he must have been bitten, and that Dr. Pinkston told him his skin must have been punctured to cause cellulitis, but these statements are uncorroborated hearsay, and the Court gives them little weight.

got bit by something or what." (Ex. 4 at 1.) The history section goes on to note "When he did remove his socks on Wednesday, he noted redness and swelling to his left lower extremity. He denies trauma/injury." *Id.* There was no other reference in the hospital records to a bite or puncture wound on Mr. Harper's left lower extremity, or even to the possibility that the cellulitis originated with an insect bite.

When Mr. Harper returned home, he completed an "Employee Notice of Injury Form." (Ex. 10.) On the form, he did not attribute his condition to an insect bite, but instead responded "Unknown" when asked to describe the conditions or hazards that contributed to the injury. *Id.* On June 22, Mr. Harper treated with Dr. Hammond-Moulton, but the note does not refer to an insect bite causing Mr. Harper's cellulitis. (Ex. 5.) Mr. Harper saw his family physician, Dr. Kellogg, on June 26, who also made no reference to an insect bite or puncture wound that could have led to cellulitis. (Ex. 6.)

No doctor refers to an insect bite until Mr. Harper saw Dr. Pinkston, approximately two weeks after he first became ill; however, even these references are qualified. On June 30, Dr. Pinkston's note stated Mr. Harper "got what he thought was a small bite . . . ," and, Mr. Harper had a history "of what sounds like some chronic venous stasis, received a bite, and got severe cellulitis." (Ex. 7 at 1, 2.) On July 10, Dr. Pinkston noted that the cellulitis "was perhaps following an insect bite." (Ex. 7 at 3.) On July 31, Dr. Pinkston made the only affirmative statement regarding causation when he wrote Mr. Harper developed cellulitis that "started as a small bite on his left lower extremity." (Ex. 7 at 5.)

There is no real documentation of an insect bite until several weeks after Mr. Harper's symptoms first manifested. Therefore, the Court finds Mr. Harper has provided insufficient evidence from which it can determine that he is likely to prevail at a hearing on the merits on the issue of whether he suffered an insect bite that precipitated his cellulitis. *McCord, supra,* at *7, 8.

Furthermore, even if there were enough proof to link Mr. Harper's cellulitis with an insect bite, the Court finds there is insufficient evidence to establish that the "bite" "primarily arose out of and in the course and scope of employment" with USF Holland. *See* Tenn. Code Ann. § 50-6-102(12) (2014). As stated earlier, Mr. Harper's only evidence in this regard is that he began experiencing symptoms and first noticed a "mark" on his leg when he woke up at the motel while working out of state. As to when the "bite" actually occurred, Mr. Harper offered only speculation and conjecture, which cannot serve as justification for the provision of benefits. *See Shelton v. Torrington Co.,* No. 01S01-9704-CV-00092, 1998 Tenn. LEXIS 133, at *10 (Tenn. Workers' Comp. Panel Mar. 13, 1998) (citing *Reeser v. Yellow Freight,* 938 S.W.2d 690, 692 (Tenn. 1997)). This premise is particularly true given that the Workers' Compensation Law no longer allows a remedial construction by the court. *See* Tenn. Code Ann. § 50-6-116 (2014).

In addition, medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)). Even if Dr. Pinkston's note of July 31 were sufficient to prove that Mr. Harper's cellulitis originated from an insect bite, there is no medical proof establishing that the progression of his condition was consistent with the bite occurring while he was in the course and scope of his employment with USF Holland. Thus, the Court finds Mr. Harper failed to provide sufficient evidence to establish he would prevail at a hearing on the merits on the issue of causation. *McCord, supra,* at *7-8.

Accordingly, the Court finds Mr. Harper failed to prove he sustained an injury that primarily arose out of and in the course and scope of his employment with USF Holland. *See* Tenn. Code Ann. § 50-6-102(12) (2014). Given the above finding, it is unnecessary at this stage to address other issues raised by the parties.

IT IS, THEREFORE, ORDERED that:

1.     Mr. Harper's request for workers' compensation benefits is denied.

2.     This matter is set for Initial Hearing on December 1, 2015, at 10:00 a.m.

**ENTERED THIS THE 5th DAY OF NOVEMBER, 2015.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**


**Initial Hearing:**

**An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Initial Hearing.**

**Please Note:  You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits</u>:

1. First Report of Injury;
2. Affidavit of Randall Harper;
3. Medical Record from Med 1;
4. Medical Records from Wood County Hospital;
5. Medical Records from Concentra;
6. Medical Records from Lisa Kellogg, D.O.;
7. Medical Records from Sumner Wound Center;
8. Various photographs of Mr. Harper's left leg;
9. Medical Bills;
10. Employee Notice of Injury Form;
11. Job Description; and,
12. Mr. Harper's payroll summary.

<u>Technical Record</u>:

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. USF Holland's Requests for Amendment of DCN;
4. Request for Expedited Hearing;
5. USF Holland's Response to REH;
6. USF Holland's Motion to Amend DCN; and,,
7. Transfer Order.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 5th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Randy Harper | X | | X | randharper2@gmail.com |
| Stephen Heard | | | X | skheard@cornelius-collins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov